***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAMEKA POWELL,<br><br>        Plaintiff,<br><br>v.<br><br>ADVANCING OPPORTUNITIES; VANESSA ORTIZ; PAUL RONOLLO; JOHN DOE; JANE DOE,<br><br>        Defendants. | Civil Action No. 22-00525 (FLW)<br><br>**OPINION** |

**WOLFSON, Chief Judge:**

*Pro se* Plaintiff Tameka Powell ("Plaintiff" or "Powell") brings employment related claims against Defendants Advancing Opportunities ("Advancing Opportunities"), Paul Ronollo ("Ronollo"), and Vanessa Ortiz[1] ("Ortiz") (collectively, "Defendants"), in connection with her termination from Advancing Opportunities. Presently before the Court, is a partial motion to dismiss filed by Advancing Opportunities pursuant to Federal Rule of Civil Procedure 12(b)(6), in which it argues that Plaintiff's Amended Complaint fails to state a claim for wrongful termination, misrepresentation, violation of the Americans with Disabilities Act ("ADA"), violation of the New Jersey Family Leave Act ("NJFLA"), N.J.S.A. § 34:11B-1 *et seq.*, and violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 1981. In addition, Advancing Opportunities seeks a more definite statement pursuant to Fed. R. Civ. P. 12(e) as to Plaintiff's remaining claim for violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601.

---

[1] Advancing Opportunities states that Ms. Ortiz was the company's former Human Resources Manager. Neither party indicates whether Mr. Ronollo is currently affiliated with Advancing Opportunities.

For the reasons set forth below, Advancing Opportunities' partial motion to dismiss is **GRANTED** in part and **DENIED** in part. Specifically, Plaintiff's claims for wrongful termination, misrepresentation, and violation of the ADA, NJFLA, Title VII of the Civil Rights Act, and the Rehabilitation Act are dismissed for failure to state a claim. These claims are dismissed without prejudice. To the extent that Plaintiff believes she can supply additional facts to cure the deficiencies discussed in this Opinion, Plaintiff is afforded an opportunity to amend her Complaint within 30 days from the date of the accompanying Order. As to Plaintiff's FMLA claim, Advancing Opportunities' request for a more definite statement is denied, because it is clear from the Complaint's allegations that she asserts a retaliation claim.

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Court assumes the facts set forth in the Amended Complaint to be true for the purposes of the present motion.

Plaintiff alleges that she was hired by Advancing Opportunities in October 2015, and that in 2018, she was elevated to a manager.[2] (ECF No. 17 ("Am. Compl."), ¶¶ 6-7.) According to Plaintiff, on March 12, 2020, a new patient was admitted into the Advancing Opportunities facility without "paperwork stating that he was free and clear from all communicable disease[.]" (*Id.* at ¶ 8.) Plaintiff alleges that this patient had been diagnosed with COVID-19 and later died from the virus. (*Id.* at ¶ 9.) Plaintiff further alleges that on March 20, 2020, she was diagnosed with COVID-19, and she went to the hospital with severe shortness of breath. (*Id.* at ¶ 10.) Plaintiff alleges that she was hospitalized for twelve days, but that she still suffered from difficulties breathing. (*Id.* at ¶ 12.) According to Plaintiff, her primary care physician kept Plaintiff from working until August

---

[2]  Although neither Plaintiff nor Advancing Opportunities describes the work performed by Advancing Opportunities or the work performed by Powell during her employment, it appears that the company is a § 501 (c) 3 non-profit organization that provides services and support to people with disabilities and their families so they can live independently.

3, 2020, due to "the seriousness of [her] medical complications." (*Id.* at ¶ 16.) Plaintiff claims that her medical leave was approved from March 23, 2020 to May 4, 2020, and that she extended the leave until June 8, 2020. (*Id.* at ¶ 17.) While Plaintiff's FMLA was set to expire on June 12, 2020, Plaintiff alleges that Advancing Opportunities granted her "personal leave" for a period of thirty days from June 15, 2020 to July 15, 2020. (*Id.* at ¶ 18.) Then, on July 7, 2020, Plaintiff claims that she received an email from Advancing Opportunities stating that she would be terminated unless she returned to work by July 15, 2020. (*Id.* at ¶ 20.) Plaintiff purportedly requested to work from home temporarily, but Advancing Opportunities denied that request. (*Id.* at ¶ 21) When Plaintiff did not return to work as demanded by Advancing Opportunities, she was terminated in July 2020. (*Id.* at ¶ 6.)

On June 11, 2021, Plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division – Monmouth County. (ECF No. 1-1.) After filing a Notice of Removal, Advancing Opportunities filed a partial motion to dismiss and moved for a more definite statement as to Plaintiff's FMLA claim. (ECF No. 4.) In that motion, Advancing Opportunities argued that most of Plaintiff's purported claims, which were referenced in a "Damages" paragraph, must be dismissed for failure to state a claim. (*Id.*)

On June 17, 2022, the Court denied Advancing Opportunities' motion to dismiss, but required Plaintiff to file an "all-inclusive amended complaint[.]" (ECF No. 12.)

On July 18, 2022, Plaintiff filed an Amended Complaint, adding Mr. Ronollo as an individual defendant. (Am. Compl.) Shortly thereafter, on August 11, 2022, Advancing Opportunities filed the instant partial motion to dismiss and for a more definite statement, which Plaintiff has opposed. (ECF No. 18.)

## II.     LEGAL STANDARDS

### A.     Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a motion to dismiss for failure to state a claim, the moving party "bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)); *Haney v. USA Gymnastics, Inc.*, No. 21-07213, 2022 WL 909871, at *2 (D.N.J. Mar. 29, 2022). When reviewing a motion to dismiss for failure to state a claim, courts first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). While Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Thus, to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain sufficient factual allegations to raise a plaintiff's right to relief above the speculative level, so that a claim "is plausible on its face." *Id.* at 570; *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All reasonable inferences must be made in the plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010).

4

Finally, because Plaintiff is proceeding *pro se*, I construe her Amended Complaint liberally and in the interests of substantial justice. *See*, *e.g.*, *Higgs v. AG of the United States*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established."); *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) ("Courts are to construe complaints so as to do substantial justice, keeping in mind that *pro se* complaints in particular should be construed liberally."); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d. Cir. 2003) ("apply[ing] the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name," on a motion to dismiss) (citations omitted). Even so, I am not required to credit "bald assertions" or "legal conclusions" simply because Plaintiffs are proceeding *pro se*. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). A *pro se* complaint may just as readily be dismissed if it sets forth allegations which cannot be construed to supply facts supporting a claim for relief. *See Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981); *Grohs v. Yatauro*, 984 F. Supp. 3d 273, 282 (D.N.J. 2013).

**B.**     **Fed. R. Civ. P. 12(e)**

Rule 12(e) provides, in pertinent part: "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Defendants must file a motion pursuant to Rule 12(e) "before filing a responsive pleading and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). In the Third Circuit, a motion for a more definite statement is granted when "the pleading is too vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]." *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F.Supp.2d 729, 736-37 (D.N.J. 2008). Rule 12(e) motions are a remedy for an unintelligible pleading, but it is not to be utilized to correct a pleading simply lacking in

5

detail. *Premier Payments Online, Inc. v. Payment Sys. Worldwide*, 848 F. Supp. 2d 513, 522 (E.D. Pa. 2012) (citation omitted). These motions are generally disfavored "in light of the liberal pleading standards under the Federal Rules," *Marley v. Donahue*, No. 14-1597, 2014 WL 5152618, at *1 (D.N.J. Oct. 14, 2014) (citation omitted) and can be prone to abuse by defendants because it could require more specificity than required by Federal Rule of Civil Procedure 8(a)(2), therefore such motions should only be granted under "strictest necessity." *Gittens v. Experian Info. Sols., Inc.*, No. 13-5534, 2014 WL 1744851, at *2 (D.N.J. Apr. 30, 2014). Rule 12(e) motions are within the sound discretion of the district court. *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232 (D.N.J. Mar. 3, 2003).

As with the Rule 12(b)(6) portion of Advancing Opportunities' motion, the Court will liberally construe Plaintiff's Amended Complaint in resolving Advancing Opportunities' request under Rule 12(e).

### III.  DISCUSSION

Advancing Opportunities seeks dismissal of Plaintiff's claims for wrongful termination, misrepresentation, and violation of the ADA, NJFLA, Title VII of the Civil Rights Act, and the Rehabilitation Act based on Plaintiff's failure to state a claim. Specifically, Advancing Opportunities argues that other than referencing these causes of action in the Damages paragraph of the Amended Complaint, Plaintiff does not include any facts to support those claims, nor does she even attempt to enumerate separately-pled causes of actions. Further, Advancing Opportunities highlights that Plaintiff has failed to specify which causes of action, if any, she is directing against the individually named defendants. Finally, Advancing Opportunities asks that Plaintiff provide a more definite statement as to her remaining claim for violation of the FMLA. I will address each of these arguments, in turn.

A. **<u>Failure to State a Claim</u>**

The "Damages" section of Plaintiff's Amended Complaint references what appears to be several causes of action. In full, this portion of the Amended Complaint provides:

> Defendants, Advancing Opportunities, Paul Ronollo, R.S., Vanessa Ortiz, John Doe and Jane Doe, are sued for the sum of Ten Million Dollars ($10,000,000) in U.S. Currency for the wrongful termination, violation of the FMLA (Family Medical Leave Act) of 1993, Section 1, *et seq.*, New Jersey Family Leave Act, Americans with Disabilities Act (ADA), Rehabilitation Act, Title 8 of the Civil Rights Act, Title I and Title V of the Americans with Disabilities Act of 1990, Civil Rights Act of 1991, misrepresentations to plaintiff, lost wages, future earnings, for compensatory, punitive, special damages awarded along with costs, filing fees, and any other damages that the judge or jury deems equitable and just.

(Am. Compl., ¶ 22.) Other than Plaintiff's purported claim for violation of the FMLA, which Advancing Opportunities moves for a more definite statement, none of the other above-referenced causes of action state a claim for relief.

1. *Wrongful Termination and Misrepresentation*

First, I address Plaintiff's claims of common law wrongful termination and misrepresentation. As to wrongful termination, at-will employees in New Jersey, like Plaintiff, generally may be terminated by their employers at any time without cause.[3] *Pierce v. Ortho Pharm. Corp.*, 417 A.2d 505, 508–09 (N.J. 1980). However, New Jersey law recognizes an exception to this general rule: employers were not permitted to terminate employees for reasons that contravene "a clear mandate of public policy." *Id.* at 512. "[T]he existence of a clear mandate of public policy is an issue of law." *Mehlman v. Mobil Oil Corp.*, 707 A.2d 1000, 1012 (N.J. 1998). A plaintiff raising a wrongful termination claim under *Pierce* bears a "heavy burden" in proving that her termination violated such a clear mandate, *Pietrylo v. Hillstone Rest. Grp.*, No.

---

[3] In New Jersey, there is a "strong presumption" that all employment relationships are terminable at will, and Plaintiff does not allege that her employment was any different. *Saari v. Mitre Corp.*, 2017 WL 1197756 at *17 (D.N.J, Mar. 30, 2017); *Varrallo v. Hammond, Inc.*, 94 F.3d 842, 845 (3d Cir. 1996) (citing *Witkowski v. Thomas J. Lipton, Inc.*, 643 A.2d 546, 552–53 (N.J. 1994).

06-05754, 2008 WL 6085437, at *5 (D.N.J. July 24, 2008), because employers are generally entitled to "run their businesses as they see fit as long as their conduct is consistent with public policy." *Pierce*, 417 A.2d at 511. Indeed, the *Pierce* court provided a non-exhaustive list of sources for public policy mandates, including "legislation; administrative rules, regulations or decisions; and judicial decisions." *Id.* at 512. Regardless of its source, however, the mandate must "be clearly identified and firmly grounded" because "a vague, controversial, unsettled, and otherwise problematic public policy does not constitute a clear mandate." *MacDougall*, 677 A.2d at 167.

Here, even based on a liberal reading of the Amended Complaint, Plaintiff does not allege any public policy—let alone one which is clearly mandated—that Advancing Opportunities purportedly violated. As such, Plaintiff's wrongful termination claim under *Pierce* is dismissed.

As to misrepresentation, Plaintiff does not identify what type of misrepresentation claim she is attempting to assert, *i.e.*, fraudulent misrepresentation, negligent misrepresentation, or intentional misrepresentation. Rather, the lone reference in the Amended Complaint to "misrepresentation" is found in the "Damages" paragraph quoted above. Thus, Plaintiff fails to allege any material misrepresentation made to her by Advancing Opportunities. In fact, as Advancing Opportunities emphasizes, Plaintiff admits that Advancing Opportunities advised Plaintiff that her leave had been extended for an additional thirty days, until July 15, 2020, and gave her advance notice that she would be terminated if she could not return to work after that date. (*See* Am. Compl., ¶¶ 18-21.) Therefore, Plaintiff's misrepresentation claim is dismissed.

                2. *American with Disabilities Act and Title VII of the Civil Rights Act*

Next, the Court considers Plaintiff's claims under the ADA and Title VII of the Civil Rights Act.[4] To establish a *prima facie* case of discrimination under the ADA, a plaintiff must demonstrate that she: "(1) is a disabled person within the meaning of the ADA; (2) is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) has suffered an otherwise adverse employment decision as a result of discrimination." *Santiago v. City of Vineland*, 107 F. Supp. 2d 512, 547 (D.N.J. 2000); *see Shaner v. Synthes (USA)*, 204 F.3d 494, 500 (3d Cir.2000) (quoting *Gaul v. Lucent Technologies, Inc.*, 134 F.3d 576, 580 (3d Cir.1998) (citing *Shiring v. Runyon*, 90 F.3d 827, 831 (3d Cir.1996)). On the other hand, under Title VII, a plaintiff must demonstrate that she (1) is a member of a protected class; (2) was qualified for the position she sought to attain or retain; (3) suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination. *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008).

As a threshold matter, however, the ADA and Title VII require a plaintiff bringing an action against an employer for discrimination to first file an action with the EEOC within 180 days of the alleged conduct. 42 U.S.C. § 2000e-5(e)(1) (Title VII); 42 U.S.C. § 12117(a) (ADA); *Webb v. City of Phila.*, 562 F.3d 256, 262 (3d Cir. 2009) ("Before bringing suit under Title VII in federal court, a plaintiff must first file a charge with the EEOC."); *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("Plaintiffs bringing employment discrimination charges under the ADA must comply with the procedural requirements set forth in Title VII of the Civil Rights Act of 1964, as amended, at 42 U.S.C. § 2000e-5.").

---

[4] The Amended Complaint references a potential claim under "Title 8 of the Civil Rights Act." (Am. Compl., ¶ 22.) Because Title VIII of the Civil Rights Act of 1968 is the Fair Housing Act, which has no application to employment disputes, the Court presumes that Plaintiff intended to assert a claim under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

After filing a charge with the EEOC, a plaintiff must receive a "right to sue" letter before filing with the district court. *See Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) (stating the EEOC will then investigate the charge, and the plaintiff must wait until the EEOC issues a right-to-sue letter before she can initiate a private action); *Ditzel v. Univ. of Med. & Dentistry of N.J.*, 962 F. Supp. 595, 602 (D.N.J. 1997). Only after the EEOC action is filed, an investigation is completed, and a right to sue letter is issued can a plaintiff be considered to have exhausted her administrative remedies. *Burgh*, 251 F.3d at 470. "If a plaintiff brings suit under Title VII or the ADA before receiving a 'right-to-sue letter,' the matter may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies." *Small v. Rahway Bd. of Educ.*, No. 17-1963, 2017 WL 1351400 at *2, 2017 U.S. Dist. LEXIS 53421 at *3 (D.N.J. Apr. 6, 2017) (citations omitted); *see, e.g.*, *Robinson v. Univ. of Med. & Dentistry of N.J.*, No. 06-1158, 2006 WL 3371748 at *2, 2006 U.S. Dist. LEXIS 85121 at *4 (D.N.J. Nov. 17, 2006) ("Because there is no dispute that Plaintiff failed to file an EEOC charge and obtain a right to sue letter, Plaintiff's ADA claims must be dismissed under Rule 12(b)(6) for failure to exhaust administrative remedies."). A plaintiff's failure to exhaust administrative remedies prior to filing a charge of discrimination under the ADA or Title VII may warrant dismissal. *Slingland v. Donahoe*, 542 F. App'x 189, 192 (3d Cir. 2013) (affirming the district court's dismissal of the plaintiff's Title VII claims based on her failure to exhaust the administrative remedies available to her); *Anjelino*, 200 F.3d at 87–88 (3d Cir. 2000) (finding failure to exhaust administrative remedies in an ADA suit by not filing an EEOC charge before bringing suit is properly reviewed under Fed R. Civ. P. 12(b)(6)). Indeed, it is well-settled that a failure to exhaust defense may be properly raised on a motion to dismiss. *See Anjelino v. New York Times Co.*, 200 F.3d 73, 87–88 (3d Cir. 1999).

Here, the Amended Complaint contains no allegations that Plaintiff exhausted her administrative remedies, nor does Plaintiff provide any such representations in opposition to Advancing Opportunities' motion to dismiss. Moreover, even assuming that Plaintiff did exhaust her administrative remedies, she does not allege that she is a member of a protected class, that she is disabled under the ADA, or that Advancing Opportunities discriminated against her based on such disability or protected status. Rather, Plaintiff merely alleges that she was terminated based on her inability to return to work after suffering long-term effects from COVID-19. This is insufficient to sustain a claim under the ADA or Title VII, and therefore, these claims are dismissed

3. *New Jersey Family Leave Act*

The NJLFA allows eligible employees to take leave for providing care as a result of: (1) the birth of a child, including a child born pursuant to a valid written agreement between the employee and a gestational carrier; (2) placement of a child into foster care with the employee or in connection with adoption of such child by the employee; and (3) the serious health condition of a child, parent or spouse. N.J.S.A. 34:11B–3(i)(3), 34:11B–3(j). Critically, Plaintiff's own health condition is not an eligible reason for leave. *See McConnell v. State Farm Mut. Ins. Co.*, 61 F. Supp. 2d 356, 360 (D.N.J. 1999) (plaintiff was not entitled to NJFLA leave prior to childbirth for plaintiff's own health condition). Accordingly, because Plaintiff has failed to allege that she was terminated despite being eligible for leave under the NJFLA, she has not stated a claim under the NJFLA.

4. *Rehabilitation Act*

Finally, the Court presumes that Plaintiff's reference to "Rehabilitation Act" in the Damages paragraph of the Amended Complaint refers to the Rehabilitation Act of 1973, which

prohibits disability discrimination within federal agencies, programs receiving federal financial assistance, and federal contractors. *See* 29 U.S.C. § 701 *et seq*. Specifically, it provides that:

> [n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance....

29 U.S.C. § 794(a). As relevant here, the Rehabilitation Act defines "program or activity" as:

> all of the operations of ... an entire corporation, partnership, or other private organization, or an entire sole proprietorship (i) if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or (ii) which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation ... any part of which is extended Federal financial assistance.

§ 794(b). Thus, the Rehabilitation Act only applies to those entities which receive federal funds. *E.g.*, *Hair v. Fayette County*, 265 F. Supp. 3d 544, 556 (W.D. Pa. 2017) (citing *U.S. Dept. of Transp. v. Paralyzed Veterans of Am.*, 477 U.S. 597, 605 (1986)). To state a claim under the Rehabilitation Act, a plaintiff must show that (1) she is an individual with a disability; (2) she is otherwise qualified for participation in the program or activity, or for the position sought; (3) she was excluded from the position sought, denied the benefits of, or subject to discrimination under the program or activity solely by reason of her disability; and (4) the relevant program or activity receives federal financial assistance. *Id.*

Here, at the outset, Plaintiff has not pled that Advancing Opportunities contracts with the federal government, receives financial assistance from the federal government, or is a federal agency. In addition, as discussed in connection with her ADA claim, Plaintiff fails to allege that she is disabled. For those two critical reasons, Plaintiff fails to state a claim under the Rehabilitation Act.

B.      **Motion for a More Definite Statement**

As for Plaintiff's remaining claim pursuant to the FMLA, Advancing Opportunities argues that the Amended Complaint does not contain sufficient information to determine what type of FMLA claim she is pursuing, *i.e.*, interference or retaliation. As such, Advancing Opportunities requests that Plaintiff provide a more definite statement with regards to her FMLA claim, including the type of FMLA claim she is attempting to advance and the facts supporting the *prima facie* elements of that claim.

The Court disagrees with Advancing Opportunities' position. When liberally construed, the Amended Complaint can only assert a retaliation claim under the FMLA. The FMLA declares it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" in the FMLA. 29 U.S.C. § 2615(a)(1). Such a claim is typically referred to as an "interference" claim. *Sommer v. The Vanguard Group*, 461 F.3d 397, 398–99 (3d Cir. 2006). To assert an interference claim, "the employee only needs to show that [s]he was entitled to benefits under the FMLA and that [s]he was denied them." *Sommer*, 461 F.3d at 399 (citation omitted). "An interference action is not about discrimination, it is only about whether the employer provided the employee with the entitlements guaranteed by the FMLA." *Id.* (citation omitted).

Here, Plaintiff does not claim that she was denied FMLA leave. In fact, the Amended Complaint alleges that her FMLA was "set to expire on the 12th day of June, 2020," after twelve weeks of leave. And, although Plaintiff was not entitled to more than twelve weeks of leave under the FMLA, Plaintiff alleges that Advancing Opportunities gave her additional "personal leave" from June 15, 2020 to July 15, 2020. Thus, based on the allegations of the Amended Complaint, Plaintiff received the benefits under the FMLA that she was entitled.

So it follows, the only FMLA claim that can be asserted is a retaliation claim. "To establish a retaliation claim under the FMLA, a plaintiff must first establish a *prima facie* case of retaliation by demonstrating that: (1) she availed herself of a protected right under the FMLA; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the plaintiff's FMLA leave." *Caruso v. Bally's Atl. City*, No. 16-5021, 2019 WL 4727912, at *1 (D.N.J. Sept. 27, 2019) (citing *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 146 (3d Cir. 2004)). In that regard, the Amended Complaint sufficiently alleges that Plaintiff took FMLA leave to recover from COVID-19, that her employment was terminated after the leave expired, and that her termination was related to her decision to take FMLA leave. Accordingly, Advancing Opportunities' request for a more definite statement is denied.

### IV.   CONCLUSION

For the reasons set forth above, Advancing Opportunities' partial motion to dismiss is **GRANTED** in part and **DENIED** in part. Specifically, Plaintiff's claims for wrongful termination, misrepresentation, and violation of the ADA, NJFLA, Title VII of the Civil Rights Act, and the Rehabilitation Act are dismissed for failure to state a claim. These claims are dismissed without prejudice. To the extent that Plaintiff believes she can supply additional facts to cure the deficiencies discussed in this Opinion, Plaintiff is afforded an opportunity to amend her Complaint within 30 days from the date of the accompanying Order. As to Plaintiff's FMLA claim, Advancing Opportunities' request for a more definite statement is denied, because it is clear from the Complaint's allegations that she asserts a retaliation claim.

Dated: November 16, 2022                              /s/ Freda L. Wolfson
                                                     Freda L. Wolfson
                                                     U.S. Chief District Judge